# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Docket no. 2:11-cr-228-GZS |
| | ) |
| RICHARD A. SZPYT & RAMON DELLOSANTOS, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTIONS TO DISMISS

Before the Court are separate motions from Defendants Richard Szpyt & Ramon Dellosantos asking the Court to dismiss Count I for violation of the Double Jeopardy Clause (ECF Nos. 65 & 102). Additionally, Defendant Dellosantos has filed a related Motion to Dismiss Due to Judicial Estoppel (ECF No. 63). The Court previously reserved ruling on these motions and set them for hearing. At a hearing held on April 2, 2013, the Court heard argument from all counsel and additionally the Court received three Government exhibits without objection.

Having considered all of the parties' written and oral submissions, the Court now hereby GRANTS both Defendant Dellosantos' Motion (ECF No. 65) and Defendant Szpyt's Motion (ECF No. 102) and DISMISSES Count I and the related Forfeiture Allegations. In light of that ruling, the Court concludes Defendant Dellosantos' Motion to Dismiss Due to Judicial Estoppel (ECF No. 63) is MOOT.

**I.  PROCEDURAL BACKGROUND**

On December 14, 2011, the Grand Jury indicted Defendants Richard Szpyt and Ramon Dellosantos for conspiring with one another and others to distribute and possess with intent to distribute five or more kilograms of cocaine.[1]  (Indictment (ECF No. 1)).)  This Count I conspiracy charge was alleged to have occurred at a minimum between 2006 and December 2007.

This Indictment is not the first time these two defendants have faced drug conspiracy charges in the District of Maine related to their alleged activities in 2006 and 2007.  In an earlier case (USA v. Szpyt et al. (2:08-cr-54-GZS) (*Szpyt I*)), both Dellosantos and Szpyt were tried and convicted of conspiring to distribute and possess with intent to distribute marijuana and five or more kilograms of cocaine between 2004 and December 2007 (Count One in *Szpyt I*).  The 2008 *Szpyt I* indictment charged a number of other individuals with participating in this conspiracy, most of whom did not go to trial.  Dellosantos went to trial solely on Count One.  In addition to the Count One conspiracy charge, Szpyt was also tried and convicted on four counts of using a telephone to commit or facilitate the commission of the conspiracy (Counts 18, 19, 32 & 39).  The jury returned a guilty verdict as to Dellosantos and Szpyt on May 13, 2009.  Defendant Dellosantos was sentenced to 121 months on August 18, 2009.  Defendant Szpyt was subsequently sentenced to life imprisonment on December 2, 2009.

Following sentencing in *Szpyt I*, both Dellosantos and Szpyt appealed to the First Circuit.  On August 16, 2011, the First Circuit vacated their convictions concluding that this Court had erred in denying their motions for judgment of acquittal.  See United States v. Dellosantos, 649 F.3d 109, 121 (1st Cir. 2011).  In relevant part, the First Circuit held that:

---

[1] The same Indictment also charges Defendant Szpyt with three counts of violating 21 U.S.C. § 843(b) by using a telephone to commit or facilitate the conspiracy charged in Count I and the distribution of cocaine.

(1) "While the indictment charged the Defendants with joining a single overarching conspiracy to distribute *both* cocaine and marijuana," "the evidence did not support a finding of a single overarching conspiracy covering all the relevant drug dealing." Dellosantos, 649 F.3d at 121 & 122.

(2) "The evidence . . . established the existence of at least *two distinct* conspiracies: (1) the Massachusetts-based Vizcaíno–Dellosantos–Szpyt conspiracy to distribute cocaine, and (2) the Maine-based Sanborn-centered conspiracy to distribute *both* cocaine *and* marijuana." Id. at 121.

(3) "[T]he evidence was insufficient to support a verdict that either Szpyt or Dellosantos knowingly and voluntarily joined the Sanborn-centered conspiracy to distribute *both* cocaine *and* marijuana." Id.

(4) "[A]lthough the evidence was arguably sufficient to support a finding that the Defendants joined the second conspiracy proven (i.e., the Vizcaíno–Dellosantos–Szpyt conspiracy), . . . the variance between the conspiracy specified in the indictment and the Vizcaíno–Dellosantos–Szpyt conspiracy unfairly prejudiced the Defendants." Id. at 125-26.

In accordance with the First Circuit's decision, the Court entered a judgment of acquittal (*Szpyt I* ECF No. 1175) on Dellosantos' *Szpyt I* conviction on November 10, 2011. Without objection of the Government, the Court then granted a motion to dismiss all five counts of conviction against Defendant Szpyt. (See 12/20/2011 Endorsement Order (*Szpyt I* ECF No. 1183)). Thereafter, on December 20, 2011, the Court entered a judgment of acquittal on Szpyt's convictions in *Szpyt I* (*Szpyt I* ECF No. 1184).

Believing that Count I of the pending Indictment amounts to a violation of the constitutional protections against double jeopardy, Defendant Dellosantos filed a motion to dismiss (ECF No. 65), as well as other pre-trial motions, on May 23, 2012. Defendant Szpyt likewise sought similar relief via a motion to dismiss filed on November 30, 2012 (ECF No. 102). The Government filed its consolidated response on January 4, 2013 (ECF No. 110). Defendants thereafter filed separate replies on February 15, 2013 (ECF Nos. 119 & 120). After initial review of the motion papers, the Court set the motions for hearing explicitly requesting

that the Government appear at the hearing ready to present evidence or a stipulated proffer regarding any evidence it intended to present at a trial on the pending Count I conspiracy charge that was not previously presented at the 2009 trial of *Szpyt I*. Despite this invitation, the Government introduced only the transcript of the *Szpyt I* trial (Gov't Ex. 1). Additionally, during oral argument, the Government readily acknowledged that there is no additional evidence it would produce at any trial on the pending Count I that was not introduced in *Szpyt I* and that the evidence at any trial on the Count I conspiracy would consist of a "subset of the evidence [from] the first trial." (See 4/2/13 Hearing Transcript.)

## II.  LEGAL STANDARD

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be twice put in jeopardy of life or limb" for the same offense. U.S. Const. amend. V. "Double Jeopardy protection 'applies both to successive punishments and to successive prosecutions for the same criminal offense.'" United States v. Neto, 659 F.3d 194, 200 (1st Cir. 2011) cert. denied, 132 S. Ct. 1611 (2012) (quoting United States v. Dixon, 509 U.S. 688, 696 (1993)). Recently, the Supreme Court has re-affirmed that acquittals ordered during or following a trial, even those acquittals that are later determined to be legally erroneous, amount to a "determination of nonculpability" that is "enough to make the acquittal akin to a jury verdict" for purposes of double jeopardy. Evans v. Michigan, 133 S. Ct. 1069, 1077 (2013).

"'A defendant claiming double jeopardy has the burden of presenting evidence to establish a prima facie nonfrivolous double jeopardy claim. Once such a claim is established, the burden shifts to the government to prove by a preponderance of the evidence that the indictments charge separate offenses.'" United States v. Laguna-Estela, 394 F.3d 54, 56 (1st Cir. 2005) (*quoting* United States v. Booth, 673 F.2d 27, 30-31 (1st Cir. 1982).) In determining whether an

4

indictment in fact charges the same offense and thereby violates the Double Jeopardy Clause, the test ordinarily requires that each offense require an element of proof that the other does not. See Dixon, 509 U.S. at 697. Under this standard, it "has long been established that 'conspiracy to commit a crime is not the same offense as the substantive crime for double jeopardy purposes,' . . ., because 'the agreement to do the act is distinct from the [completed] act itself.'" United States v. Fornia-Castillo, 408 F.3d 52, 69 (1st Cir. 2005) (*quoting* United States v. Felix, 503 U.S. 378, 390–91 (1992) & United States v. Lanoue, 137 F.3d 656, 662 (1st Cir. 1998)).

Nonetheless, when looking at successive conspiracy charges, the First Circuit has endorsed a "more nuanced" test for examining the offense charged that looks at five factors:

> 1) time periods of the conspiracies, with an overlap tending to support a single conspiracy; 2) the personnel involved, again with "significant overlap" denoting a single conspiracy; 3) location(s), with identical place(s) supporting a single conspiracy; 4) evidence of overt acts, where the same acts would denote a single conspiracy; and 5) statutory provisions, with the same statutes suggesting possible overlap.

United States v. Hart, 933 F.2d 80, 85-86 (1st Cir. 1991) (citation omitted) & Laguna-Estela, 394 F.3d at 57 (describing these factors as a "more nuanced form of the same evidence test").

### III. DISCUSSION

The Court's discussion of whether the pending conspiracy charge violates the Double Jeopardy Clause necessarily begins with an examination of each of the factors that the First Circuit considers relevant in determining whether two conspiracies amount to the same offense. See Hart, 933 F.2d at 85-86. First, the 2006-2007 time period alleged in the Count I conspiracy is completely subsumed in the time period for the *Szpyt I* conspiracy, which was alleged to have occurred between at least 2004 and December 2007. Second, there appears to be complete overlap in the personnel involved in that the Government has failed to proffer any information

5

suggesting it will prove there are any participants in the pending conspiracy who were not also participants in the "overarching" *Szpyt I* conspiracy. Dellosantos, 649 F.3d at 121. Third, the Government has not proffered that they will present any evidence of different locations and it appears identical places will be discussed at any trial on the pending Indictment.

As to the fourth factor, overt acts, the Court necessarily acknowledges that this factor may be less helpful in drug conspiracy cases in which there is no requirement that specific overt acts be proven. Nonetheless, the Court notes that the Government has not proffered any new overt acts that it would attempt to prove at a trial on the pending conspiracy charge. As to the final fifth factor, no one disputes that Count I charges the same statutory provisions that were charged in *Szpyt I* Count One, i.e. 21 U.S.C. §§ 846, 841(a)(1) & 18 U.S.C. § 2.[2]

Prior to holding a hearing on the pending Motions to Dismiss, the Court alerted all sides that it believed Defendants had established a prima facie double jeopardy claim and, as a result, it was the Government's burden to "'by a preponderance of the evidence that the indictments charge separate offenses.'" Laguna-Estela, 394 F.3d at 56 (quoting United States v. Booth, 673 F.2d 27, 30-31 (1st Cir. 1982).) However, at the hearing, the Government's only evidence was the *Szpyt I* trial transcript. Similarly, Defendants have represented that in their earlier communications with the Government, the Government indicated that it had no new discovery to produce in connection with the pending Indictment and that all of the discovery was included in the discovery previously produced in connection with *Szpyt I*. (See Def. Szpyt's Mot. (ECF No.

---

[2] To the extent that the Government urged the Court during oral argument to consider the Second Circuit's additional Korfant factors of common objectives and interdependence, the Court necessarily notes that the First Circuit has not included these factors in its own test. Compare Caldrone, 982 F.2d at 45 (citing United States v. Korfant, 771 F.2d 660, 661 (2d Cir. 1985)), with Laguna-Estela, 394 F.3d at 57. Nonetheless, the fact that the Government pursued and presented the pending conspiracy as simply part of the overarching single conspiracy charged and tried in *Szpyt I* suggests that the Government did view the Vizcaíno–Dellosantos–Szpyt conspiracy as being interdependent and sharing common objectives with the Sanborn conspiracy until the First Circuit reversed the convictions. Absent some new evidence, there is no factual basis for the Government or this Court to change its view that the alleged agreements between Szpyt and Dellosantos shared common objectives and an interdependence with the conspiracy charged and tried in *Szpyt I*.

102) at 2 n.1.) Thus, the Government has acknowledged that the pending conspiracy prosecution will rely solely on identical evidence that it obtained in or before 2009. On this record and having considered all of the relevant factors, the Government has not met its burden of proving that the pending Count I conspiracy charge is a separate, distinct conspiracy for jeopardy purposes.

The First Circuit has long recognized that the Double Jeopardy Clause "prohibit[s] successive prosecutions for conspiracies with identical features." United States v. Fornia-Castillo, 408 F.3d 52, 69 (1st Cir. 2005) (*citing* United States v. Morris, 99 F.3d 476, 480 (1st Cir. 1996)). Likewise, the Second Circuit has explained, "[t]he Government cannot be permitted to retry defendants on smaller and smaller conspiracies, wholly contained within the scope of a large conspiracy, until it finds one small enough to be proved to the satisfaction of a jury." United States v. Calderone, 982 F.2d 42, 48 (2d Cir. 1992).

In this case, having failed to secure an affirmed conviction of Dellosantos and Szpyt on the overarching conspiracy charged in *Szpyt I*, the Government now essentially seeks to rip the "Vizcaíno–Dellosantos–Szpyt conspiracy" chapters from its *Szpyt I* novel and present those very pages to a new jury in hopes that it can secure a conviction of the Defendants on this smaller conspiracy. Dellosantos, 649 F.3d at 121. The Government's newfound belief that the "Vizcaíno–Dellosantos–Szpyt conspiracy" is a "distinct" stand-alone short story draws from the First Circuit's post-trial pronouncement that the Government's evidence proved to be two distinct short stories rather than the charged novel. However, the fact remains that Defendants faced trial and were convicted of an overarching conspiracy that included all of the evidence and all of the agreements the Government now seeks to re-try in this case. Therefore, jeopardy attached and the Government bears the burden of proving that its pending conspiracy charge

7

does not completely overlap with the previous charge on one or more of the factors already discussed. Having failed to meet this burden, the Court concludes that Count I represents a successive prosecution that violates the Double Jeopardy Clause.[3]

IV.  **CONCLUSION**

For the reasons just explained, the Court hereby GRANTS Defendants' Motions to Dismiss (ECF nos. 65 & 102) to the extent each Motion sought dismissal of Count I and DISMISSES Count I & the related Forfeiture Allegations based on violation of the Double Jeopardy Clause. In light of this ruling, Defendant Dellosantos' Motion to Dismiss Due to Judicial Estoppel (ECF No. 63) is MOOT.

Because this Order dismisses the sole charge against Defendant Dellosantos, the Court will enter a separate Order of Discharge as to this Defendant.

The charges remaining against Defendant Szpyt (Counts II-IV) shall be placed on this Court's next available trial list.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 3rd day of April, 2013.

---

[3] As counsel for Defendant Szpyt acknowledged at the hearing, Defendant Szpyt's Motion to Dismiss did not explicitly include any argument seeking dismissal of Counts Two through Four, which charge three separate violations of 21 U.S.C. § 843(b). As a result, the Court's dismissal does not and cannot apply to those counts. However, in light of the dismissal of Count I, the Court notes that the pending facilitation counts may each only proceed as a charge of using a communication device in furtherance of the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). See, e.g., Calderone, 982 F.2d at 48 (finding the Government could proceed with telephone counts to the extent each count alleged an underlying substantive offense beyond the conspiracy offense that was subject to dismissal).